UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

AUTUMN SMITH,

       Plaintiff,

v.

WAL-MART, INC., et al.,

       Defendant

                                      /

Case No. 1:25-cv-00655

Hon.  Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

*Pro se* Plaintiff Autumn Smith filed her civil complaint against Wal-Mart, Inc. (ECF No. 1.)  Smith alleges that Wal-Mart, Inc. violated her rights under Michigan state laws.  Smith says that on April 23, 2025, while she was shopping at the Battle Creek, Michigan Wal-Mart store, she used the self-checkout and paid $105.79 in cash.  She received 21 cents and a receipt back.  As she attempted to exit the store, she was detained by members of Wal-Mart's Asset Protection team.  She was accused of retail fraud and law enforcement was contacted.  While it is not certain from the complaint, it appears that Smith failed to scan every item in her cart.  Smith says that she had no intent to commit retail fraud.

On May 8, 2025, the retail fraud charge was dismissed without prejudice. (ECF No. 1-1, PageID.5.)

Smith says that Wal-Mart employees engaged in a "Conspiracy to deprive Plaintiff of Constitutional Rights." (ECF No. 1, PageID.3.)  Smith also sues for false

1

imprisonment, malicious prosecution based upon lack of probable cause and entrapment, intentional infliction of emotional distress, and negligence.

Smith asserts that this Court has jurisdiction under 42 U.S.C. §§ 1983 and 1985, and that she is invoking the Court's federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343.  (ECF No. 1, PageID.1.)

Smith was granted *in forma pauperis* status on June 16, 2025.  (ECF No. 4.)

**II.  Standard of Law**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although the plausibility standard is not equivalent to a

"probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.   Analysis

As an initial matter, Smith has failed to identify a violation of either the Constitution or federal law. Even if she had, however, her claim would necessarily fail because Wal-Mart, Inc. is not a governmental actor and did not act under the color of state law.

To state a claim under 42 U.S.C. §§ 1983 and 1985, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). For example, "the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837, 1982). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, a plaintiff bringing suit under § 1983 must identify the specific constitutional or statutory right allegedly infringed. *Albright v. Oliver*,

3

510 U.S. 266, 271 (1994).

For a private party's conduct to be under color of state law, it must be fairly attributable to the State. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). There must be a sufficiently close nexus between the State and the challenged action of the defendant so that the action of the latter may be fairly treated as that of the State itself. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Where the defendant is not a state official, its conduct will be deemed to constitute state action only if it meets one of three narrow tests. The first is the symbiotic relationship test, or nexus test, in which the inquiry focuses on whether "the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Jackson*, 419 U.S. at 357–58. Second, the state compulsion test describes situations "in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026 (11th Cir. 1988); *accord Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970). Finally, the public function test covers private actors performing functions "traditionally the exclusive prerogative of the State." *Jackson*, 419 U.S. at 353; *accord West*, 487 U.S. at 49–50. *See generally, Lugar,* 457 U.S. at 936–39 (discussing three tests). Smith has failed to assert any allegations in her complaint that could meet either test.

Moreover, dismissal of a complaint brought against private store employees under 42 U.S.C §1983 is appropriate where a plaintiff fails to allege any

4

circumstances establishing that a defendant was acting under color of state law. *Ragesdale v. Macy's Dept. Store*, 2011 WL 573594, *3 (W.D. Mich., Jan. 20, 2011) (private store security officers were not state actors); *Jones v. Jenkins*, 2021 WL 4472794 (W.D. Mich., Sept. 30, 2021) (*order adopting R&R*), 2021 WL 5019814, *4 (W.D. Mich., July 7, 2021) (R. & R.) (private store employees not state actors).

## IV. Recommendation

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint because Smith fails to assert a violation of a federal or Constitutional right. Further, Smith has failed to assert factual allegations establishing that Wal-Mart, Inc. – a corporate non-governmental entity – acted under color of state law.

Dated:  July 29, 2025                    /s/ *Maarten Vermaat*
                                          MAARTEN VERMAAT
                                          U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).